IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IRVIN T. TATUM, | ) | No. C 11-4864 LHK (PR) |
| Plaintiff, | )<br>) | ORDER DIRECTING PLAINTIFF<br>TO FILE PROOFS OF SERVICE |
| v. | ) | |
| C. BUCKLEY, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee. For the reasons stated below, the Court will direct Plaintiff to file proofs of service on Defendants.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

Liberally construed, Plaintiff's allegations state cognizable claims of deliberate indifference / failure to protect, and equal protection.

Plaintiff also attempts to raise a claim of retaliation. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under Section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline). Plaintiff does not allege sufficient facts to support a claim of retaliation. Accordingly, the retaliation claim is DISMISSED with leave to amend. Should plaintiff believe that he can support a claim of retaliation, he may move for leave to amend his complaint.

C.   Service

As Plaintiff is not proceeding in forma pauperis in this action, he may not rely on the United States Marshal or the officers of the Court for service. *Cf.* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). Plaintiff is responsible for service upon all of the named Defendants. No Defendant has made an appearance in this action. There is no indication in any of the papers filed herein that any Defendant has been served with the summons or complaint in accordance with the Federal Rules of Civil Procedure.

Plaintiff shall bear in mind that Rule 4(m) of the Federal Rules of Civil Procedure require service of the summons and complaint upon Defendants within 120 days after the filing of the

1 complaint. Fed. R. Civ. P. 4(m). Failure to do so may result in dismissal of the action without
2 prejudice as to that Defendant.
3      Accordingly, **by January 30, 2012**, Plaintiff is directed to provide the Court with proof
4 of service of the summons and complaint on all Defendants, or show good cause why the
5 unserved Defendants should not be dismissed. *See* Fed. R. Civ. P. 4(l), 4(m). Failure to comply
6 by January 30, 2012 will result in the dismissal of the unserved Defendants.

### CONCLUSION

8      For the foregoing reasons, the Court hereby orders as follows:
9      1.     Plaintiff is directed to file proofs of service on Defendants on or before January
10 30, 2012, or show good cause for the failure. **Failure to comply by January 30, 2012, will**
11 **result in dismissal of the unserved Defendants.**
12      3.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the
13 court informed of any change of address by filing a separate paper with the Clerk headed "Notice
14 of Change of Address." Plaintiff must comply with the Court's orders in a timely fashion or ask
15 for an extension of time to do so. Failure to comply may result in the dismissal of this action
16 pursuant to Federal Rule of Civil Procedure 41(b).

17      IT IS SO ORDERED.
18 DATED: 12/20/11

                                _____
19                                 LUCY H. KOH
                                United States District Judge