IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IRVIN T. TATUM, | ) | No. C 11-4864 LHK (PR) |
| Plaintiff, | ) ) | ORDER TO SHOW CAUSE |
| v. | ) ) | |
| C. BUCKLEY, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On December 21, 2011, the Court reviewed Plaintiff's complaint and determined that he alleged cognizable claims for relief. The Court further recognized that, because Plaintiff had paid the filing fee, he could not rely upon the United States Marshal for service upon the named Defendants. Plaintiff was directed to provide the Court with proofs of service of the summons and complaint on all the Defendants, or show good cause why they should not be dismissed. On January 30, 2012, Plaintiff filed with the Court a motion for extension of time to file proofs of service. Plaintiff's motion was granted. On March 2, 2012, Plaintiff filed with the Court a second motion for extension of time to file proofs of service. Plaintiff's motion was again granted.

On April 5, 2012, Plaintiff filed a declaration in support of proof of service. After reviewing the proof of service, it appears that none of the Defendants were properly served pursuant to Federal Rule of Civil Procedure 4(e). Rule 4(e) governs service on individual defendants and provides, in pertinent part: "an individual . . . may be served in a judicial district of the United States by . . . doing any of the following: (A) delivering a copy of the summons

Order To Show Cause
G:\PRO-SE\SJ.LHK\CR.11\Tatum864osc-4m.wpd

and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." *See* Fed. R. Civ. P. 4(e)(2). "Defendants must be served in accordance with [Rule 4], or there is no personal jurisdiction." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (citation omitted). "Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Id.* (internal citations omitted).

Rule 4(e) also provides for service in accordance with state law, *see* Fed. R. Civ. P. 4(e)(1); *see also* Cal. Code Civ. Pro. § 415.10 (physical delivery to the defendant personally); Cal. Code Civ. Pro. §§ 415.20, 415.95 (delivery at usual abode or place of business); Cal. Civ. Pro. § 415.30 (mail with acknowledgment of receipt).

The Court recognizes that Plaintiff is proceeding *pro se* in this action. Plaintiff's status as pro se litigant, however, does not excuse him from compliance with the Federal Rules of Civil Procedure. *See, e.g.*, *McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Plaintiff has the burden of establishing that he accomplished service of process in compliance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(l)(1). If a defendant has not been served within 120 days after the complaint is filed, "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Plaintiff was supposed to serve Defendants A. Perez, PT Smith, G. Lewis, and J. Rush at at Pelican Bay State Prison, and B. Alkire, D. Foston, and C. Buckley at the California Department of Corrections and Rehabilitation. Plaintiff's declaration indicates that he hired TIF Services, LLC, to serve Defendants. The process server submitted a declaration declaring under penalty of perjury that she "served a copy of the Summons and Civil Complaint . . . by placing said documents in a sealed envelope . . . to each [Defendant] at their respective address of

Order To Show Cause
G:\PRO-SE\SJ.LHK\CR.11\Tatum864osc-4m.wpd          2

employment." (Docket No. 20 at 3.)

It appears that Plaintiff attempted to effect service of process under state law, as authorized by Federal Rule of Civil Procedure 4(e)(1), by mailing copies of the summonses and complaint to Defendants.  It does not appear that Plaintiff attempted to effect service under federal law pursuant to Rule 4(e)(2) because he did not personally deliver copies of the summonses and complaint to Defendants, leave copies of the summonses and complaint at defendants' dwellings, or provide copies of the summonses and complaint to Defendants' authorized agents.  *See* Fed. R. Civ. P. 4(e)(2).  In addition, Plaintiff has not demonstrated that he used "reasonable diligence" to "personally" serve Defendants before resorting to "substituted service," as required by California Civil Procedure Code section 415.20(b).  Moreover, in order to effectuate service of process by mail, a plaintiff must mail a copy of the summons and complaint, two copies of a notice and acknowledgment of receipt form, and a return envelope, postage prepaid, addressed to the sender.  Cal. Code Civ. Pro. § 415.30(a).  Based on the proof of service that Plaintiff has submitted, he has not properly served any Defendant under the California rules, despite the Court's admonition that the failure to properly and timely serve Defendants could result in dismissal.

It appears that none of the Defendants were personally served with the summonses and complaint pursuant to Federal Rule of Civil Procedure 4(e)(2) or otherwise properly served in accordance with California law pursuant to Rule 4(e)(1).  Because the Defendants have not been served within the time ordered by the Court, *see* Fed. R. Civ. P. 4(m), Plaintiff is ordered to show cause **within 20 days** of the filing date of this order why Defendants should not be dismissed without prejudice.  **Failure to demonstrate good cause within 20 days of the filing date of this order will result in the dismissal of this action without prejudice.**

IT IS SO ORDERED.

DATED:  6/12/12

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order To Show Cause
G:\PRO-SE\SJ.LHK\CR.11\Tatum864osc-4m.wpd          3