IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN T. TATUM,<br><br>  Plaintiff,<br><br> v.<br><br>C. BUCKLEY, et al.,<br><br>  Defendants. | No. C 11-4864 LHK (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION<br><br>(Docket No. 23) |

Plaintiff, a state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1]

On October 20, 2011, Plaintiff paid the full filing fee of $350.00. The Court consequently ordered him to serve all of the named Defendants, or face dismissal of his claims against those Defendants. Plaintiff has made several unsuccessful attempts at service. If Plaintiff were proceeding in forma pauperis ("IFP"), the Marshal would have been directed to serve all process in the case. 28 U.S.C. § 1915(c),(d). Because Plaintiff is not proceeding IFP here, he is not automatically entitled to have the Marshal serve Defendants. Fed. R. Civ. P. 4(c)(2). However, even though Plaintiff is not proceeding IFP, the Court has discretion to order that service be made by the Marshal, or by a person specially appointed by the Court. Fed. R.

---

[1] Plaintiff's motion for leave to file an amended complaint is GRANTED.

Order of Service; Directing Defendants to File Dispositive Motion to Notice Regarding Such Motion
G:\PRO-SE\SJ.LHK\CR.11\Tatum864srv.wpd

Civ. P. 4(c)(3).

This action has been pending since September 30, 2011. Plaintiff, an incarcerated state prisoner, appears to have exercised diligence in attempting to serve Defendants, but has been unable to effect service himself. For those reasons, the Court will exercise its discretion under Federal Rule of Civil Procedure 4(c)(3) and direct the Clerk of the Court to serve Defendants, as set forth in the Conclusion of this Order.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

B.   Legal Claim

In his amended complaint, Plaintiff alleges that Defendants were deliberately indifferent to his safety when they purposely released him to, and repeatedly housed him in, a facility where he was known to have enemies. Plaintiff also claims that while Defendants protected other inmates in similar situations by housing them away from known enemies or transferring those inmates, Defendants purposely did not do the same for Plaintiff. Liberally construed, Plaintiff's allegations state cognizable claims of deliberate indifference and equal protection.

Plaintiff further alleges that Defendants violated the safety and security provisions under California Penal Code § 5068, the Departments Operations Manual, and Title 15 of the California Code of Regulations. However, section 1983 does not provide a cause of action for violation of state law. Moreover, there is no indication that the state legislature intended California Penal Code § 5068 to provide a private right of action. *See, e.g.*, *Animal Legal Defense Fund v. Mendes*, 160 Cal. App. 4th 136, 142 (2008) (noting that the question of whether

1  a statute creates a private right of action is "primarily [an issue] of legislative intent");

2  *Thornburg v. El Centro Regional Med. Ctr.*, 143 Cal. App. 4th 198, 204 (2006) (stating that

3  "'[t]he question of whether a regulatory statute creates a private right of action depends on

4  legislative intent'").  Further, the existence of regulations such as those governing the conduct of

5  prison employees under Title 15 does not necessarily entitle Plaintiff to sue civilly to enforce the

6  regulations, or to sue for damages based on the violation of the regulations.  The Court has found

7  no authority to support a finding of an implied private right of action under Title 15 nor the

8  Departments Operations Manual, and Plaintiff has provided none.  *See Chappell v. Perrez*, No.

9  09-cv-1465 GEB KJN P, 2011 WL 2296816, *2 (E.D. Cal. June 8, 2011); *Parra v. Hernandez*,

10 No. 08-cv-0191-H (CAB), 2009 WL 3818376, * 2 (S.D. Cal. Nov. 13, 2009); *cf. Gonzaga

11 University v. Doe*, 536 U.S. 273, 283-86 (2002) (basing a claim on an implied private right of

12 action requires a showing that the statute both contains explicit rights-creating terms and

13 manifests an intent to create a private remedy).  Accordingly, Plaintiff fails to state a claim upon

14 which relief may be granted based on the violation of Title 15 regulations, the Departments

15 Operations Manual, or California Penal Code § 5068.

**CONCLUSION**

17      For the foregoing reasons, the Court orders as follows:

18      1.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

19 Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended

20 complaint and all attachments thereto (docket no. 23), and a copy of this Order to **C. Buckley, J.

21 Rush, B. Alkire, A. Perez,** and **P. Smith** at **PBSP.**  Although Plaintiff's original complaint also

22 named G. Lewis and D. Foston as Defendants, Plaintiff does not name them in his amended

23 complaint.  Accordingly, the Clerk of the Court shall DISMISS G. Lewis and D. Foston from

24 this action without prejudice.

25      The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this

26 Order to the California Attorney General's Office.  Additionally, the Clerk shall mail a copy of

27 this Order to Plaintiff.

28      2.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause is shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3.  No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

    a.  If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

    b.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

4.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and

1  served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is
2  filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex*
3  *Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come
4  forward with evidence showing triable issues of material fact on every essential element of his
5  claim).

6        5.  Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after
7  Plaintiff's opposition is filed.

8        6.  The motion shall be deemed submitted as of the date the reply brief is due.  No
9  hearing will be held on the motion unless the Court so orders at a later date.

10        7.  All communications by the Plaintiff with the Court must be served on Defendants
11  or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants'
12  counsel.

13        8.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
14  No further Court order is required before the parties may conduct discovery.

15        9.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
16  and all parties informed of any change of address and must comply with the Court's orders in a
17  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
18  pursuant to Federal Rule of Civil Procedure 41(b).

19      IT IS SO ORDERED.
20  DATED: 10/10/12

                                    *Lucy H. Koh*
21                                  LUCY H. KOH
                                United States District Judge